IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| THOMAS KELLY MCGINNIS, #A4013561, | ) ) | Civ. No. 19-00625 DKW-WRP |
|---|---|---|
| Plaintiff, | ) ) ) | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| vs. | ) ) ) | |
| DEBRA TAYLOR, et al., | ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

Before the court is pro se Plaintiff Thomas Kelly McGinnis' prisoner civil rights Complaint brought pursuant to 42 U.S.C. § 1983. ECF No. 1.[1] McGinnis claims that Defendants Maui Community Correctional Center ("MCCC") Warden Debra Taylor, MCCC Nurse Jennifer Lopez, and an unidentified MCCC Adult Correctional Officer ("ACO") violated his constitutional rights when they allegedly failed to protect him from assault by two MCCC inmates and denied him adequate medical care thereafter.[2] McGinnis has since been transferred and is incarcerated at the Halawa Correctional Facility ("HCF").

---

[1]The Court refers to the Federal Judiciary's Case Management/Electronic Case Files ("CM/ECF") numbering and pagination system used for all filed documents.

[2]McGinnis names the Hawaii Department of Public Safety ("DPS") and MCCC in the Complaint's caption only; he alleges claims and facts against Warden Taylor, Nurse Lopez, and the unnamed ACO within the Complaint.

For the following reasons, the Complaint is DISMISSED for failure to state a colorable claim for relief pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a). McGinnis may file an amended pleading curing the Complaint's deficiencies on or before February 28, 2020.

## I. STATUTORY SCREENING

The court must conduct a pre-Answer screening of all prisoners' pleadings pursuant to 28 U.S.C. §§ 1915(e)(2) (if they are proceeding in forma pauperis) and 1915A(a) (if they allege claims against government officials). Claims or complaints that are frivolous, malicious, fail to state a claim for relief, or seek damages from defendants who are immune from suit must be dismissed. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010).

Screening under §§ 1915(e)(2) and 1915A(a) involves the same standard of review as that used under Federal Rule of Civil Procedure 12(b)(6). *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (citation omitted). Under Rule 12(b)(6), a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). A claim is "plausible" when the facts alleged in the complaint would support a reasonable inference that the

plaintiff is entitled to relief from a specific defendant for specific misconduct.  *Id.* (citation omitted).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.*  The "mere possibility of misconduct" or an "unadorned, the defendant-unlawfully- harmed me accusation" falls short of meeting this plausibility standard.  *Id.* at 678-79; *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

Pro se litigants' pleadings must be liberally construed, and all doubts should be resolved in their favor.  *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted).  The court must grant leave to amend if it appears the plaintiff can correct the defects in the complaint, *Lopez*, 203 F.3d at 1130, but if a claim or complaint cannot be saved by amendment, dismissal with prejudice is appropriate.  *Sylvia Landfield Tr. v. City of L.A.*, 729 F.3d 1189, 1196 (9th Cir. 2013).

## II. BACKGROUND[3]

On January 28, 2018, McGinnis was in MCCC Module C, Cell C-1, getting ready to shower; his cell was unlocked for this scheduled recreation time.  *See* Compl., ECF No. 1 at 5-7.  McGinnis says that Module C is reserved for close or protective custody inmates, who may only be released on recreation one-at-a-time.

---

[3]On screening, McGinnis's facts are accepted as true and construed in the light most favorable to him.  *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014).

3

*Id.* at 6. He claims that, "[d]ue to a security breach," two close custody Module C inmates in Cell C-6 were released during *his* recreation time. *Id.* McGinnis says these inmates entered his unlocked cell and assaulted him for twenty minutes before the unidentified ACO on duty in the Module C booth called for assistance. *Id.* at 5-6 (Counts I and II).

McGinnis was taken to the hospital and treated. *Id.* at 7 (Count III). He alleges that when he returned, Nurse Lopez "improperly cared" for him because she failed to give him ice or bandages. *Id.* at 7.

McGinnis names Defendants in their official capacities only, alleging they violated his rights under the Eighth and Fourteenth Amendments. He seeks punitive damages, medical care, and psychological counseling. *Id.* at 8.

### III. DISCUSSION

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

Section 1983 requires a connection or link between a defendant's actions and the plaintiff's alleged deprivation. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 692 (1978); *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976); *May v.*

*Enomoto*, 633 F.2d 165, 167 (9th Cir. 1980). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Thus, a plaintiff must allege that he suffered a specific injury as a result of a particular defendant's conduct and must affirmatively link that injury to the violation of his rights.

A. **The Complaint Does Not Comply with Rule 8**

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Rule 8(a)(2) "requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Id.* at 555 n.3. To comply with Rule 8, a complaint must allege sufficient facts to provide defendants fair notice of the claims so that they can defend themselves effectively. *See Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011); *see also Brazil v. U.S. Dep't of Navy*, 66 F.3d 193, 199 (9th Cir. 1995) (requiring that complaint provide a

"minimum threshold" giving defendant "notice of what it is that it allegedly did wrong"). A prisoner's complaint must plausibly suggest entitlement to relief before the Court may order service and subject the opposing party to the expense of discovery and continued litigation. *See* 28 U.S.C. §§ 1915(e)(a) and 1915A(a).

McGinnis' Complaint contains almost no factual allegations concerning the circumstances of the security breach that allegedly led to the attack, or to the alleged denial of adequate medical care. McGinnis does not explain what caused the security breach, whether it was inadvertent or purposeful, how long it lasted, or whether the entire facility, only Module C, or only Cell C-6 were effected. He identifies no act or omission by Warden Taylor or the Module C ACO on duty showing that they caused the security breach, were involved in or were aware that Cell C-6 was improperly opened while McGinnis' cell was also open, yet took no action to ameliorate this security breach. That is, McGinnis fails to show that Warden Taylor or the ACO knew that McGinnis was in danger, or knew that he was being assaulted during the twenty minutes *before* they allegedly called for assistance.

Nor does McGinnis allege sufficient facts to show that Nurse Lopez's alleged failure to give him ice or bandages after he returned from the hospital was such an objectively inadequate response that it constituted deliberate indifference

to his health, rather than simple negligence or medical malpractice. The Complaint fails to give Defendants sufficient "notice of what it is that [they] allegedly did wrong" that violated his constitutional rights. *Brazil*, 66 F.3d at 199; *see also McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996) (holding that failure to comply with Rule 8 is independent basis for dismissal even when complaint is not "wholly without merit").

## B. Eleventh Amendment Immunity

The "Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities." *Aholelei v. Dep't of Pub. Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101-03 (1984); *Flint v. Dennison*, 488 F.3d 816, 824-25 (9th Cir. 2007). Official capacity defendants are subject to suit under § 1983 only "for prospective declaratory and injunctive relief . . . to enjoin an alleged ongoing violation of federal law." *Oyama v. Univ. of Haw.*, 2013 WL 1767710, at *7 (D. Haw. Apr. 23, 2013) (quoting *Wilbur v. Locke*, 423 F.3d 1101, 1111 (9th Cir. 2005), *abrogated on other grounds by Levin v. Commerce Energy Inc.*, 560 U.S. 413 (2010)); *see also Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70-71 (1989) ("[A] suit against a state official in his or her official

capacity is not a suit against the official but rather is a suit against the official's office."); *Ex parte Young*, 209 U.S. 123 (1908).

McGinnis fails to state a claim for damages against DPS and its jail, MCCC, or against Warden Taylor, the unidentified ACO, and Nurse Lopez in their official capacities. He does not allege an ongoing constitutional violation, and his transfer from MCCC to HCF moots any claim for prospective injunctive relief seeking medical and psychological care *at* MCCC. *See Pride v. Correa*, 719 F.3d 1130, 1138 (9th Cir. 2013) ("When an inmate challenges prison conditions at a particular correctional facility, but has been transferred from the facility and has no reasonable expectation of returning, [his injunctive] claim is moot.") (citing *Johnson v. Moore*, 948 F.2d 517, 519 (9th Cir. 1991)).

**C.     Warden Taylor:  No Personal Involvement Alleged**

McGinnis alleges no facts connecting Warden Taylor to the alleged security breach, the assault or alleged delay in responding to it, or to the alleged inadequate medical care he claims to have received when he returned from the hospital. He apparently seeks to hold Warden Taylor liable solely based on her position as MCCC Warden.

Absent personal involvement in a civil rights deprivation, a supervisor can only be found liable if "there exists . . . a sufficient causal connection between the

supervisor's wrongful conduct and the constitutional violation." *Rodriguez v. Cty. of Los Angeles*, 891 F.3d 776, 798 (9th Cir. 2018) (quoting *Keates v. Koile*, 883 F.3d 1228, 1242–43 (9th Cir. 2018)); *Staunton v. Harrington*, 2020 WL 129088, at *5 (D. Haw. Jan. 10, 2020). A "causal connection can be established . . . by setting in motion a series of acts by others or by knowingly refus[ing] to terminate a series of acts by others, which [the supervisor] knew or reasonably should have known would cause others to inflict a constitutional injury." *Starr*, 652 F.3d at 1207-08 (alterations in original) (internal quotation marks and citations omitted). A supervisor may "be liable in his individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates; for his acquiescence in the constitutional deprivation; or for conduct that showed a reckless or callous indifference to the rights of others." *Keates*, 883 F.3d at 1243 (quoting *Starr*, 652 F.3d at 1208).

McGinnis alleges no facts showing that Warden Taylor knew about the security breach, the assault, the allegedly delayed call for assistance, or the allegedly inadequate medical care after McGinnis returned from the hospital. He alleges no facts showing that Warden Taylor failed to train, supervise, or control the unidentified ACO, so as to prevent the security breach, or in what actions to take when a breach is discovered or an assault breaks out at MCCC. McGinnis

9

does not allege that Warden Taylor ordered Nurse Lopez to deny him ice or bandages when he returned from the hospital. He does not allege that Warden Taylor authored or supported a prison policy that violated his constitutional rights.

McGinnis fails to state any plausible claim against Warden Taylor connecting her to the alleged violation of his constitutional rights and claims against her are DISMISSED with leave granted to amend.

**D.**     **Pretrial Detainee or Sentenced Inmate**

It is unclear whether McGinnis was a pretrial detainee or a convicted, sentenced inmate when the incidents at MCCC allegedly occurred. If he was a pretrial detainee, his constitutional protections derive from the Due Process Clause of the Fourteenth Amendment; if he was a sentenced inmate, his rights arise under the Eighth Amendment's protection against cruel and unusual punishment. *See Bell v. Wolfish*, 441 U.S. 520, 535 (1979). In either case, McGinnis must allege facts showing that Defendants acted with deliberate indifference to his health or safety. *Castro v. Cty. of Los Angeles*, 833 F.3d 1060, 1068 (9th Cir. 2016) (*en banc*). To adequately allege deliberate indifference, a pretrial detainee must show that the defendant acted with an *objective* state of mind, whereas a convicted prisoner must allege facts showing that a prison official *subjectively* knew of and consciously disregarded an excessive risk to the inmate's health or safety. *See id.*,

at 1067-71 (discussing, *inter alia*, *Kingsley v. Hendrickson*, 135 S. Ct. 2466 (2015)).

If McGinnis decides to file an amended pleading in light of the Court's analysis, he must clarify whether he was a pretrial detainee or a convicted, sentenced prisoner when the incidents at issue occurred.

### 1. *Failure-to-Protect: Eighth Amendment*

"Being violently assaulted in prison is simply not 'part of the penalty that criminal offenders pay for their offenses against society.'" Thus, "prison officials have a duty . . . to protect prisoners from violence." *Farmer v. Brennan*, 511 U.S. 825, 833-34 (1994) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981) (further citations omitted)); *Clem v. Lomeli*, 566 F.3d 1177, 1181 (9th Cir. 2009); *Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005).

To state an Eighth Amendment failure-to-protect claim, a convicted inmate must establish that: (1) "the deprivation alleged [is] objectively, 'sufficiently serious;'" and that (2) the prison official had a "'sufficiently culpable state of mind,'" that shows "'deliberate indifference' to inmate health or safety." *Farmer*, 511 U.S. at 834 (quoting *Wilson v. Seiter*, 501 U.S. 294, 297-98, 302-03 (1991)). The "official must both be aware of facts from which the inference could be drawn

that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

While a prison official need not "believe to a moral certainty" that an inmate is at risk of harm, "before [he] is obligated to take steps to prevent such an assault," he must have more than a "mere suspicion" that an attack will occur. *Berg v. Kincheloe*, 794 F.2d 457, 459 (9th Cir. 1986). The obviousness of the risk may be sufficient to establish such subjective knowledge. *See Farmer*, 511 U.S. at 842; *Wallis v. Baldwin*, 70 F.3d 1074, 1077 (9th Cir. 1995). However, "speculative and generalized fears of harm . . . do not rise to a sufficiently substantial risk of serious harm." *Williams v. Wood,* 223 F. App'x 670, 671 (9th Cir. 2007).

McGinnis states that Module C inmates are not allowed to be released from their cells at the same time. This supports a plausible inference that Module C inmates required closer supervision and were not allowed to interact with each other, or enter other inmates' cells, because they posed a known danger to others. McGinnis provides no facts explaining what caused the security breach, however. The breach could have been due to a power failure, an inadvertent action by the ACO, or negligence by another prison official. The unidentified ACO could have opened Cell C-6 because he mistakenly thought that McGinnis was finished showering and back in his locked cell. McGinnis alleges no facts suggesting that

the ACO *purposely* opened the other inmates' cell knowing that McGinnis' cell was unlocked, or that the ACO or any MCCC official had subjective knowledge that McGinnis was in danger from these or other inmates and that they did nothing to protect him from this danger.

McGinnis fails to show that Warden Taylor or the unidentified ACO were subjectively, deliberately indifferent to his safety when the unexplained "security breach" occurred, or that they failed to act promptly when they became aware that the assault had begun in his cell. Compl., ECF No 1 at 5. Accordingly, McGinnis fails to state a colorable failure-to-protect claim under the Eighth Amendment against the unidentified ACO or against Warden Taylor.

### 2. *Failure-to-Protect: Fourteenth Amendment*

Under the Fourteenth Amendment, a pretrial detainee must show:

(1) The defendant made an intentional decision with respect to the conditions under which the plaintiff was confined;

(2) Those conditions put the plaintiff at substantial risk of suffering serious harm;

(3) The defendant did not take reasonable available measures to abate that risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved-making the consequences of the defendant's conduct obvious; and

(4) By not taking such measures, the defendant caused the plaintiff's injuries.

13

*Castro*, 833 F.3d at 1071. "With respect to the third element, the defendant's conduct must be objectively unreasonable, a test that will necessarily 'turn[ ] on the facts and circumstances of each particular case.'" *Id.* (quoting *Kingsley*, 135 S. Ct. at 2473; *Graham v. Connor*, 490 U.S. 386, 396 (1989)).

McGinnis alleges no facts supporting the inference that the ACO made an intentional decision that caused the unexplained security breach, or that, once the ACO became aware that the other inmates were in McGinnis' cell assaulting him, that he failed to promptly call for assistance to stop the assault. Although waiting twenty minutes may be unacceptable if the ACO knew that McGinnis' cell and Cell C-6 were open, or knew that the other inmates were in McGinnis' cell, or knew that an assault was taking place, these facts are not evident in the Complaint. McGinnis fails to provide sufficient facts to support a colorable failure-to-protect claim under the Fourteenth Amendment.

McGinnis' failure-to-protect claim, whether alleged under the Eighth or Fourteenth Amendment, is DISMISSED for failure to state a colorable claim for relief, with leave granted to amend.

### 3. *Inadequate Medical Care*

Deliberate indifference is a high legal standard; a difference of opinion concerning treatment, negligence, or medical malpractice does not amount to deliberate indifference. *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004). An injury or illness is sufficiently serious if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992); *see also Doty v. Cty. of Lassen*, 37 F.3d 540, 546 (9th Cir. 1994). Factors indicating seriousness are: (1) whether a reasonable doctor would think that the condition is worthy of comment; (2) whether the condition significantly impacts the prisoner's daily activities; and (3) whether the condition is chronic and accompanied by substantial pain. *See Lopez v. Smith*, 203 F.3d 1122, 1131-32 (9th Cir. 2000) (*en banc*).

Under either a subjective or an objective test, McGinnis fails to allege sufficient, plausible facts to suggest that Nurse Lopez knew of and disregarded an excessive risk to his health when she allegedly failed to provide him with ice or bandages after he returned from the hospital after receiving treatment for his injuries. *See Gordon v. Cty. of Orange*, 888 F.3d 1118, 1124-25 (9th Cir. 2018), *cert. denied sub nom. Cty. of Orange, Cal. v. Gordon*, 139 S. Ct. 794 (2019)

(holding pretrial detainees' claims alleging inadequate medical care arise under the Fourteenth Amendment, and are evaluated under an objective deliberate indifference standard).

McGinnis' injuries were significant enough to justify taking him to the hospital after the assault. He alleges no further facts, however, showing that Lopez's failure to provide him ice and bandages impacted his daily life, resulted in further injury, or caused him unnecessary, additional pain. McGinnis' inadequate medical care claims against Nurse Lopez are DISMISSED with leave granted to amend.

## IV. **LEAVE TO AMEND**

The Complaint is DISMISSED with leave granted to amend consistent with this Order on or before February 28, 2020. The amended pleading must cure the deficiencies discussed herein. McGinnis may not expand his claims beyond those already alleged or add new claims, without explaining how those new claims relate to the claims alleged in the original Complaint, and how they are linked to his claims against the named Defendants.

McGinnis must comply with the Federal Rules of Civil Procedure and the Local Rules for the District of Hawaii. An amended pleading must be submitted on the court's prisoner civil rights form and it will supersede the preceding

complaint. *See Ramirez v. Cty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015); LR99.7.10. Defendants not renamed and claims not realleged in an amended complaint may be deemed voluntarily dismissed. *See Lacey v. Maricopa Cty.*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc). If McGinnis fails to file an amended complaint that cures the deficiencies in his claims, this action may be automatically dismissed and may count as a "strike" under 28 U.S.C. § 1915(g).[4]

## V. **CONCLUSION**

(1) The Complaint is DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b)(1) for failure to state a colorable claim for relief.

(2) McGinnis may file an amended pleading as permitted on or before February 28, 2020. Failure to file an amended pleading that cures the deficiencies in his claims may result in dismissal of this action without further notice and incur a strike pursuant to 28 U.S.C. § 1915(g).

///

///

---

[4] 28 U.S.C. § 1915(g) bars a civil action by a prisoner proceeding in forma pauperis:

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

(3)  The Clerk is DIRECTED to send McGinnis a prisoner civil rights complaint form so that he may comply with the directions of this Order if he elects to file an amended complaint.

IT IS SO ORDERED.

DATED: January 28, 2020 at Honolulu, Hawaii.



/s/ Derrick K. Watson
Derrick K. Watson
United States District Judge

---

Thomas Kelly McGinnis v. Debra Taylor, et al; Civil No. 19-00625 DKW-WRP;
**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**

Scrg '20 McGinnis19-625 dkw (8A or 14A,fail prot. dny med. care)