IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| THOMAS KELLY MCGINNIS, #A4013561, | ) ) ) | Civ. No. 19-00625 DKW-WRP |
|---|---|---|
| Plaintiff, | ) ) ) ) | ORDER DISMISSING FIRST AMENDED COMPLAINT IN PART AND DIRECTING EARLY DISCOVERY |
| vs. | ) ) | |
| JENNIFER LOPEZ, *et al.*, | ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

Before the court is pro se Plaintiff Thomas Kelly McGinnis' first amended prisoner civil rights complaint ("FAC") brought pursuant to 42 U.S.C. § 1983. ECF No. 7.[1] McGinnis claims that Defendants, an unidentified Maui Community Correctional Center ("MCCC") Adult Correctional Officer ("ACO"), and Nurse Jennifer Lopez violated his constitutional rights when the ACO allegedly failed to protect him from assault by two MCCC inmates and Nurse Lopez denied him adequate medical care thereafter.[2] McGinnis is no longer incarcerated at MCCC.

---

[1]The Court refers to the Federal Judiciary's Case Management/Electronic Case Files ("CM/ECF") numbering and pagination system for filed documents.

[2]McGinnis names the Hawaii Department of Public Safety ("DPS") and MCCC in the FAC's caption only. He explicitly names Nurse Lopez and the unidentified ACO in their individual capacities within the FAC. He mentions other unidentified ACOs who were on duty in March 2019, but he fails to name them in the caption or within the FAC.

Pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a), (1) Count II is DISMISSED with prejudice because amendment is futile regarding McGinnis' claim against Nurse Jennifer Lopez for the denial of medical care; (2) Count III is DISMISSED without prejudice to McGinnis filing an amended pleading that cures the deficiencies identified below; and (3) Count I, as alleged against the unidentified Module C ACO on duty on January 28, 2019, states a claim and may be served after McGinnis identifies this Defendant.

## I. STATUTORY SCREENING

Courts must conduct a pre-Answer screening of prisoner pleadings pursuant to 28 U.S.C. §§ 1915(e)(2) (if they are proceeding in forma pauperis) and 1915A(a) (if they allege claims against government officials). Claims or complaints that are frivolous, malicious, fail to state a claim for relief, or seek damages from defendants who are immune from suit must be dismissed. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010).

Screening under §§ 1915(e)(2) and 1915A(a) involves the same standard of review as that used under Federal Rule of Civil Procedure 12(b)(6). *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (citation omitted). Under Rule 12(b)(6), a complaint must "contain sufficient factual matter, accepted as true, to

state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). A claim is "plausible" when the facts alleged in the complaint support a reasonable inference that the plaintiff is entitled to relief from a specific defendant for specific misconduct. *Id.* (citation omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* The "mere possibility of misconduct" or an "unadorned, the defendant-unlawfully-harmed me accusation" falls short of meeting this plausibility standard. *Id.* at 678-79; *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

Pro se litigants' pleadings must be liberally construed, and all doubts should be resolved in their favor. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). The court must grant leave to amend if it appears the plaintiff can correct the defects in the complaint, *Lopez*, 203 F.3d at 1130, but if a claim or complaint cannot be saved by amendment, dismissal with prejudice is appropriate. *Sylvia Landfield Tr. v. City of L.A.*, 729 F.3d 1189, 1196 (9th Cir. 2013).

\\\

\\\

\\\

\\\

## II. BACKGROUND[3]

On January 28, 2019, McGinnis was an unsentenced inmate assigned to MCCC Module C, Cell C-1. FAC, ECF No. 7 at 48 (Count I). Because McGinnis and his cell mates were on scheduled morning recreation, their cell door was unlocked. Module C is reserved for protective and close custody inmates, although it is also apparently used for other inmates to relieve overcrowding. *See id.* at 52.

Two close custody inmates in Cell C-6 asked the unidentified ACO on duty in the Module C control box to open their cell door so that they could retrieve a hair brush outside of their cell. The ACO did so, which allowed these inmates to go to McGinnis' unlocked cell and assault him. *Id.* at 48, 52. McGinnis lost consciousness during the attack, but he believes that it continued for twenty minutes before assistance arrived in his cell. *Id.*

When McGinnis regained consciousness, MCCC medical staff told him he was being taken to the Maui Memorial Medical Center, where he was x-rayed, diagnosed, and treated for a "cracked" right elbow, bruised ribs, and lacerations on his head. *Id.* at 49, 52 (Count II). McGinnis was given a sling for his arm, an injection for pain relief, and sent back to MCCC.

---

[3]The FAC's statement of facts is accepted as true for screening purposes and construed in the light most favorable to McGinnis. *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014).

Upon his return, McGinnis asked Nurse Lopez for ice and bandages for his head. *Id.* at 49. Lopez allegedly denied this request, which McGinnis says caused him "psychological [trauma]." *Id.*

In Count III, McGinnis alleges that unidentified Module B ACOs failed to protect him in March 2019, after he was transferred to Module B and "a riot . . . broke out after healing from assault." *Id.* at 50 (Count III). McGinnis provides no other details regarding this claim.

McGinnis names Defendants Lopez and ACO's in their individual capacities only, alleging they violated his rights under the Eighth and Fourteenth Amendments. He seeks monetary damages, medical care, and psychological counseling. *Id.* at 51.

### III. DISCUSSION

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

Section 1983 requires a connection or link between a defendant's actions and the plaintiff's alleged deprivation. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 692 (1978); *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976); *May v.*

*Enomoto*, 633 F.2d 165, 167 (9th Cir. 1980). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Thus, a plaintiff must allege that he suffered a specific injury as a result of a particular defendant's conduct and must affirmatively link that injury to the violation of his rights.

**A.     Fourteenth Amendment**

McGinnis clarifies that he was an unsentenced inmate when the incidents at MCCC allegedly occurred. *See* FAC, ECF No. 7 at 50. Thus, his claims arise under the Due Process Clause of the Fourteenth Amendment. *See Bell v. Wolfish*, 441 U.S. 520, 535 (1979). McGinnis must allege facts that show that Defendants acted with deliberate indifference to his health or safety, by showing that they acted with an objective state of mind when they allegedly failed to protect him or provide him adequate medical care. *See Castro v. Cty. of Los Angeles*, 833 F.3d 1060, 1067-71 (9th Cir. 2016) (*en banc*) (discussing, *inter alia*, *Kingsley v. Hendrickson*, 135 S. Ct. 2466 (2015)).

### 1. *Failure-to-Protect Claims*

Prison officials' failure to protect a pretrial detainee is actionable if two conditions are met: (1) the officer's conduct with respect to the plaintiff's conditions of confinement was intentional; and (2) there was a substantial risk of serious harm to the plaintiff that could have been eliminated through reasonable and available measures that the officer failed to take. *See Castro*, 833 F.3d at 1070-71.

While a prison official need not "believe to a moral certainty" that an inmate is at risk of harm, "before [he] is obligated to take steps to prevent such an assault," he must have more than a "mere suspicion" that an attack will occur. *Berg v. Kincheloe*, 794 F.2d 457, 459 (9th Cir. 1986). The obviousness of the risk may be sufficient to establish such knowledge. *See Farmer*, 511 U.S. at 842; *Wallis v. Baldwin*, 70 F.3d 1074, 1077 (9th Cir. 1995).

#### a. *January 28, 2019 Incident: Count I*

McGinnis says there are only six cells in Module C, and that it is generally reserved for protective custody or close custody inmates. He also says that he wore a "pretrial" detainee uniform, as opposed to the uniforms that convicted inmates wore. FAC, ECF No. 7 at 50. These facts support the plausible inferences that Module C inmates are assigned different uniforms based on their security

7

classifications to allow prison staff to differentiate between them and provide appropriate supervision in light of the heightened security concerns posed by housing unsentenced and convicted inmates together, particularly when they are released from their cells. Thus, "a reasonable officer" in Module C "would have appreciated the high degree of risk involved" in allowing two close custody inmates out of their cell while non-close custody inmates' cells were open, "making the consequences of the defendant's conduct obvious." *Castro*, 833 F.3d at 1071.

McGinnis shows that the unidentified ACO intentionally released the two close custody inmates from their cell. While the ACO may not have done so with an intent to endanger McGinnis or other inmates in Module C, a plausible inference is that he failed to take reasonable precautions to insure McGinnis' and other inmates' safety when he let the inmates in Cell C-6 out of their cell and failed to monitor their movements. "With respect to the [ACO's failure] to 'take reasonable measures to abate that risk,' the defendant's conduct must be objectively unreasonable, a test that will necessarily 'turn[ ] on the facts and circumstances of each particular case.'" *Id.* (quoting *Kingsley*, 135 S. Ct. at 2473; *Graham v. Connor*, 490 U.S. 386, 396 (1989)).

8

McGinnis states a plausible claim for relief against the unidentified Module C ACO in the control box on January 28, 2019. This claim may be served after McGinnis identifies this ACO, notifies the Court, and requests substitution.

   b. *March 2019 MCCC Riot: Count III*

McGinnis says that he was transferred to Module B in March 2019, "where [his] safty [sic] was threatened for being in a riot that broke out after healing from assault."[4] FAC, ECF No. 7 at 50 (Count III). He names "ACO's on duty at time of assault," as liable for this claim, but alleges nothing further in support. *Id.*

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). This "requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Id.* at 555 n.3. To comply with Rule 8, a complaint must allege sufficient facts to provide defendants fair notice of the claims so that they can defend themselves effectively. *See Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). McGinnis sets forth insufficient facts

---

[4]There was a riot at MCCC on March 11, 2019. *See* https://www.mauinews.com/news-/local-news/2019/11. McGinnis states that, although he was a sentenced inmate at that time, he was still "in pretrial clothes." FAC, ECF No. 7 at 50.

in Count III for the Court to understand his claim or the basis for his entitlement to relief or for any Defendant to answer or defend against this wholly conclusory, unsupported allegation.

Moreover, unless McGinnis is alleging that the *same* Module C ACO who was involved in the January 28, 2019 incident, was also involved in this March 2019 incident in Module B, or that the riot in March had some connection to the assault in January, this claim appears to be improperly joined in this action. *See* Fed. R. Civ. P. 20(a)(2)(A) (allowing multiple parties to a lawsuit when the right to relief arises out of the "same transaction, occurrence, or series of transactions or occurrences"); Fed. R. Civ. P. 18(a) (allowing joinder of multiple claims when those claims are alleged against the same defendant).

Count III is DISMISSED for McGinnis' failure to state a plausible claim for relief or to show how this claim is connected to his claim in Count I. McGinnis is granted leave to amend this claim to allege sufficient facts to cure these issues if he wishes to do so.

\\\
\\\

## 2. *Inadequate Medical Care Claim*

Deliberate indifference is a high legal standard; a difference of opinion concerning treatment, negligence, or medical malpractice does not amount to deliberate indifference. *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004). An injury or illness is sufficiently serious if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992); *see also Doty v. Cty. of Lassen*, 37 F.3d 540, 546 (9th Cir. 1994). Factors indicating seriousness are: (1) whether a reasonable doctor would think that the condition is worthy of comment; (2) whether the condition significantly impacts the prisoner's daily activities; and (3) whether the condition is chronic and accompanied by substantial pain. *See Lopez v. Smith*, 203 F.3d 1122, 1131-32 (9th Cir. 2000) (*en banc*).

Under the Fourteenth Amendment's objective test, McGinnis again fails to allege sufficient facts to suggest that Nurse Lopez knew of and disregarded an excessive risk to his health when she allegedly failed to provide him ice or bandages when he returned from the hospital. *See Gordon v. Cty. of Orange*, 888 F.3d 1118, 1124-25 (9th Cir. 2018), *cert. denied sub nom. Cty. of Orange, Cal. v. Gordon*, 139 S. Ct. 794 (2019) (holding pretrial detainees' claims alleging

inadequate medical care arise under the Fourteenth Amendment, and are evaluated under an objective deliberate indifference standard).

Although McGinnis' injuries were serious enough to require urgent care at the Maui Memorial Medical Center, he does not allege that he was provided ice and bandages at the hospital, or prescribed such treatment upon his return to MCCC. He also fails to allege facts that show that Lopez's denial of his request for ice and bandages for his head impacted his daily life, resulted in further injury, or caused him substantial, additional pain. Rather, McGinnis says that he is "now having psycological [sic] drama [sic]" regarding her refusal to comply with his request.

Count II, alleging that Nurse Lopez violated the Fourteenth Amendment by failing to give McGinnis ice or bandages when he returned from the hospital, fails to state a claim and is DISMISSED. Because McGinnis was previously granted leave to amend this claim and is apparently unable to do so, this dismissal is without further leave to amend.

## IV. UNIDENTIFIED ACO

When the identity of a defendant is not known before filing a complaint, the plaintiff should be given an opportunity through discovery to identify the unknown defendant, unless it is clear that discovery would not uncover the identity, or that

the complaint would be dismissed on other grounds. *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (citing *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)); *see also Peralta v. Doe*, No. 04-CV-6559, 2005 WL 357358, at *2 (W.D.N.Y. Jan. 24, 2005) (permitting plaintiff to amend his complaint to name a defendant for service and discovery when the identity was unknown before filing the complaint).

Because McGinnis fails to identify the Module C ACO on duty on January 28, 2019, the Court cannot order service of the FAC, Count I. McGinnis has provided sufficient information to allow him to conduct limited, early discovery to identify this ACO, however. Accordingly, McGinnis is granted until April 24, 2020 to conduct early discovery limited to identifying the unnamed ACO. On or before that date, McGinnis must notify the court of this ACO's name and seek substitution, or explain what steps he has take to learn the ACO's identity.

## V. **LEAVE TO AMEND**

Count III is DISMISSED with leave granted to amend consistent with this Order on or before April 24, 2020. The amended pleading must cure the noted deficiencies in this claim. McGinnis may not expand his claims beyond those already alleged and may not add new claims, without explaining how those new

13

claims relate to claims alleged in Count I against the unnamed ACO on duty on January 28, 2019.

If he elects to amend his pleading, McGinnis must comply with the Federal Rules of Civil Procedure and the Local Rules for the District of Hawaii. An amended pleading must be submitted on the court's prisoner civil rights form and will supersede the preceding complaint. *See Ramirez v. Cty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015); LR99.7.10. Defendants not renamed and claims not realleged in an amended complaint may be deemed voluntarily dismissed. *See Lacey v. Maricopa Cty.*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc). If McGinnis fails to file an amended complaint that cures the deficiencies in Count III by April 24, 2020, Count III will be dismissed.

## VI. CONCLUSION

(1) The First Amended Complaint is DISMISSED IN PART pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b)(1). Specifically, **Count II,** including its claim against MCCC Nurse Jennifer Lopez, is DISMISSED WITH PREJUDICE.

**Count III**, relating to a riot at MCCC in March 2019, is DISMISSED with leave to amend **by April 24, 2020**. Failure to file a timely amended pleading that cures the deficiencies in this claim described above shall result in dismissal of Count III without further notice.

(2) **Count I**, as alleged against the unnamed ACO, states a claim and may be served after McGinnis identifies this Defendant and notifies the Court of his/her identity. McGinnis is GRANTED the right to conduct early discovery, limited to identifying this unnamed ACO only, which must be accomplished by April 24, 2020. By that time, McGinnis SHALL either notify the Court of the unnamed ACO's identity or explain what steps he has taken to determine the ACO's identity.

(3) The Clerk is DIRECTED to send McGinnis a prisoner civil rights complaint form so that he may comply with the directions of this Order if he elects to file an amended complaint.

IT IS SO ORDERED.

DATED: March 11, 2020 at Honolulu, Hawaii.



Derrick K. Watson
United States District Judge

---

Thomas Kelly McGinnis v. Jennifer Lopez, *et al.*; Civil No. 19-00625 DKW-WRP; **ORDER DISMISSING FIRST AMENDED COMPLAINT IN PART AND DIRECTING EARLY DISCOVERY**

McGinnis v. Taylor, 1:19-cv-00625 Scrg '20 McGinnis19-625 dkw (FAC 14A,fail prot. med. care, early dsc)